AURELIUS J. SWAYZE, surviving executor of James K. Swayze,

*v.*

ALEXANDER SCHUYLER et al.

[Filed January 16th, 1900.]

1. Where the executor of an unsettled estate of which he was the sole beneficiary, purchased bonds as executor with funds of the estate, which bonds were secured by a mortgage on property owned by him subject to such mortgage, the payment of which he had assumed through purchase and inheritance, there was no merger of such interests, and hence the executor was entitled to foreclose the mortgage as against a subsequent owner of the property.

2. Where a widow accepted an annuity bond secured by a mortgage executed concurrently with another mortgage securing payment of other bonds in lieu of dower, interest accruing on such bond before her death did not constitute a prior lien on the property, as against such other bonds.

3. Where a widow accepted an annuity bond secured by a mortgage executed concurrently with another mortgage securing bonds payable with interest at her death in lieu of dower, the fact that interest on the annuity bond accrued before her death did not entitle her personal representative to payment of such interest as a prior lien on foreclosure of the property, but all the bonds being due, such representative was only entitled to share ratably with the other bonds secured by the mortgage.

On hearing.

This bill is filed to foreclose a mortgage given to secure the payment of several bonds, two of which are held by the complainant. The facts are these: One Stiff, on April 1st, 1868, executed four bonds, each for $333.75—one to Nelson Banghart, another to Euphemia Frace, another to Clarissa Price, and still another to Matilda Price. These four bonds were made payable on April 1st, 1870, with interest from date.

He also executed four other bonds on the same day for like amounts, one to each of the said parties, all payable at the death of one Hannah Banghart, without interest. He also executed the mortgage now sought to be foreclosed in this suit, for the purpose of securing these bonds. On the same day Mr. Stiff, to secure a dower interest which Hannah Banghart had in the mortgaged property, made a bond conditioned to pay her interest during her life upon the sum of $1,335, with a mortgage to secure such payment. The two mentioned mortgages were given and recorded contemporaneously. In respect to the bonds, Clarissa assigned her interest-bearing bond to Nelson Banghart. Banghart died March 10th, 1888, and his administrator assigned Banghart's interest in both bonds, which he then held, to John C. Welsh. Welsh assigned them to the complainant, who is the surviving executor of John K. Swayze.

Hannah Banghart, the holder of the dower bond, is dead, and an *administrator ad pros.* has been appointed to represent her in this suit.

The course taken by the mortgaged property is as follows: Stiff, the owner of the equity of redemption in the mortgaged property, sold the same to James A. Swayze, Edward G. Bulgin and George Bulgin on July 7th, 1873, a one-half interest being conveyed to Swayze, and the other half to the two Bulgins. The Bulgins sold their interest on May 29th, 1880, to James A. and Aurelius Swayze. James A. Swayze died in 1885, and Aurelius, his brother, took the share of James A. by inheritance. Aurelius J. Swayze thereafter owned the whole of the equity of redemption. On April 15th, 1891, he sold a one-third

interest in the same to Joseph A. Davis, and on April 24th following he˙ sold his remaining interest to his mother-in-law, Sarah Larue, who, on the same day, conveyed this interest to Josephine Swayze, the wife of Aurelius Swayze.

A judgment was entered against Aurelius on the 24th of April, and his interest in the property was sold to one Stewart and one John B. Swayze, and they afterwards, in July, 1892, sold their interest to Josephine Swayze, wife of Aurelius. In October, 1892, Davis also sold his interest to Josephine Swayze. Aurelius J. and his· wife, Josephine, thereafter sold the premises to the defendant Schuyler.

In the deeds, including those made to James A. and Aurelius Swayze, there is an assumption of the payment of the mortgages existing upon the property.

*Mr. John H. Dahlke*, for the complainant.

*Mr. William H. Morrow*, for the defendant Jacob S. Fisher, administrator.

*Mr. Joseph M. Roseberry*, for the defendant A. A. Van Horn and A. A. Van Horn, administrator.

REED, V. C.

The counsel of the defendants insist that the complainant cannot foreclose because the debt, for which the mortgage purports to be a security, has been extinguished. This, it is insisted, results from the fact that the equity of redemption was sold to James A. Swayze and the Messrs. Bulgin, by deeds in which the payment of these debts was assumed by the grantees; that the Bulgins sold their one-half interest to James A. and Aurelius Swayze, by a deed in which there was the same assumption, and that Aurelius succeeded to the rights of James A. Swayze in the property as his heir-at-law. It is argued, therefore, that Aurelius having bought this part of the mortgage debt, he cannot prosecute a suit to foreclose the mortgage.

If Aurelius J. Swayze bought the bonds as executor, there

would result no merger by legal operation, because he thereafter held the debt and the equity of redemption in different rights.

To meet this objection, it is said that he bought the bonds with his own money, and therefore he is the substantial owner. This, however, is not proved. The assignment itself, whenever actually made, shows that it was made to the complainant as executor. And the probabilities are that whatever money Aurelius J. had to be applied to the purchase of these bonds, was money of the estate of John K. Swayze.

Nor would his assumption of the debt or the assumption of James A., from whom he inherited three-fourths of the equity of redemption, extinguish the debt in his hands as the executor of James K. Swayze.

If the funds of the estate were used then the estate is entitled to the security bought with those funds. Aurelius J. had the right to keep alive the mortgage security; and as merger is always a question of intention, it is quite clear that the intent was to preserve the two interests distinct. By their assumption James A. and Aurelius became, in equity, liable personally for the payment of the mortgage debt, but that in no way prevented the representative of the estate of John K. Swayze, whether such representative was Aurelius J. or a stranger, from proceeding *in rem* to make the money due out of the real estate security.

But it is said that the property of James K. Swayze goes to Aurelius J. as the surviving child, and therefore, if the funds with which the bonds were purchased were derived from the estate of James K. Swayze it was really the property of Aurelius J. But the estate of James K. Swayze has never been settled. The assets of the estate are still held as a trust by his executor, and any property bought with those trust funds constitute a part of the trust assets.

It is to be observed that the defendants, who raise these objections, are the owners of other portions of the debt secured by the mortgage. Originally, that debt had nothing to do with either Aurelius J. or John K. Swayze. The purpose of the defendants now is to strip the holder of these two bonds of the real estate security to enhance the security of the holders

Swayze *v.* Schuyler.

of the remaining bonds. There is no equity in this endeavor, for the subject-matter covered by the mortgage now is the same as when taken—in fact, better than when taken, for two of the outstanding bonds, it is said, have been paid.

I am of the opinion that the debt of the complainant still exists and that he is in no way precluded from pursuing his suit.

The counsel for the personal representative of the deceased widow raised another question.

They say that, upon the assumption that the interest due to her during her life upon her bond was not paid, so much of it as is not paid is a debt which is prior in lien upon the mortgaged premises to the debts which are secured by the other mortgage given at the same time.

Now, the two mortgages, being executed at the same time, would be, ordinarily, concurrent liens.

But the special facts upon which the preference of the widow's mortgage is claimed is, first, that it was given to secure her dower interest in the mortgaged property, and secondly, that her debt first matured.

I see no substance in the first of these contentions.

She consented to take her mortgage concurrently with the other mortgage, and she had the right to accept any security she chose in consideration of her right to have her one-third interest in the property set off to her for life. Having so accepted it, she took it as any other mortgagee. The second point is that the interest upon the bond of the dowress matured before the death of the dowress and that the second class of bonds matured at her death, and therefore the claim first maturing is entitled to priority of payment out of the mortgaged premises.

I know this has been so held in some courts, but I do not think it should be adopted as a general rule. The claims have all matured, and if there is anything due upon the annuity bond it should be paid ratably with the rest of the debts secured by the mortgage.

There will be a reference to a master, to ascertain the amounts due, which will include the inquiry whether any, and if so what, interest upon the dower mortgage remains unpaid.