JOHN O'CONNELL *vs.* JOHN EVERETT.

Norfolk. February 2, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* For annulment of mortgage. *Mortgage,* Of real estate. *Evidence,* Presumptions and burden of proof.

The general equity jurisdiction to establish the validity or invalidity of mortgages on conflicting evidence is not excluded by the remedy in the Land Court provided by G. L. c. 185, § 1 (f) and c. 240, § 15.

A decree in favor of the plaintiff was proper in a suit in equity by an owner of land for annulment of a mortgage thereon given in 1899 for one year, where it appeared that the defendant made entry to foreclose in 1925; that no payment on the mortgage had been demanded by the defendant; that no payment had been credited thereon within twenty years previous to the entry; and that the plaintiff, from the date of the mortgage until the time of the entry, had used the land openly, adversely, continuously and under a claim of right, had been in uninterrupted possession thereof and at no time had recognized the mortgage.

BILL IN EQUITY, filed in the Superior Court on September 1, 1926, and described in the opinion.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Broadhurst,* J., there were entered an interlocutory decree confirming the master's report and a final decree in the plaintiff's favor. The defendant appealed from the final decree.

*J. Everett, pro se,* submitted a brief.
*G. W. Grover,* for the plaintiff.

SANDERSON, J. This is an appeal by the defendant from a final decree in favor of the plaintiff in a suit to set aside a mortgage and for other relief. The bill was filed September 1, 1926. The plaintiff alleged that he had no recollection of executing the mortgage or note, denied re-

ceiving any consideration therefor and also denied any indebtedness to the defendant.

John O'Connell, father of the plaintiff, when he died in 1898, was the owner of four parcels of land in Canton which by his will he devised to the plaintiff upon condition that the latter would pay and assume all the testator's indebtedness except a mortgage on specified property. The defendant drew the will and presented it for probate. On March 16, 1899, the plaintiff executed to Elizabeth M. B. Everett, mother of the defendant, a mortgage in the sum of $4,000 covering these several parcels of real estate to secure advances to be made to pay the debts and expenses referred to in the will of the plaintiff's father. This mortgage was duly recorded in March, 1899. We are bound by the finding of the master appointed in the case that the payments and advances secured by this mortgage amounted to $566.09. None of these appear to have been made after March, 1902. The mortgage was written to run for one year, but no payment was made thereon to the mortgagee or to the defendant up to the date of her death in 1902. Her will was proved and allowed in 1903. The defendant was entitled to the residue of her property. The inventory of her estate contained an item purporting to be "mortgages and interest not in default," but it contained no item of this overdue mortgage. The master was unable to find whether the defendant considered the mortgage to be part of the assets of her estate. The defendant's contention was that the mortgage and note were assigned at the request of his mother to the defendant's niece in 1926. No such assignment appears of record, but the master found that the title to the mortgage is held as a part of the estate of this niece, having been assigned by the defendant as executor; he was unable to find that any note to be secured by it was given. He found that the mortgage was in the letter box of the defendant after the evidence was presented at a former hearing before a master, since deceased; and that no evidence was introduced to show how or when the mortgage was placed therein. The defendant sought to prove that payments had been

credited on the mortgage within twenty years before the entry to foreclose, but the master found that such credits had not been made. The master found that the plaintiff had from the date of the mortgage to November 5, 1925, used the land described therein openly, adversely, continuously and under a claim of right, and been in uninterrupted possession thereof; that he had at no time recognized the mortgage and the defendant had not demanded payment. On November 5, 1925, the defendant made an entry to foreclose the mortgage. At that time he was not the holder or owner of the mortgage, nor was he acting as attorney in fact or under a written instrument, and title was not then vested in him by assignment or otherwise. By the terms of the final decree the mortgage was decided to be no longer a lien upon the premises and the defendant and all persons claiming by, from and under him were enjoined from collecting any money upon it and from seeking to foreclose the same; the defendant was further ordered to execute and deliver to the plaintiff within thirty days from the entry of the decree a discharge of the mortgage suitable for record; and it was also decreed that the entry to foreclose is void and of no effect and the defendant was ordered to pay the plaintiff costs in a stated sum. From this decree the defendant appealed.

The contention of the defendant that the Land Court had exclusive jurisdiction of the case by virtue of G. L. c. 185, § 1 (f) and G. L. c. 240, § 15, does not seem to have been made at the trial. In *McMahan* v. *McMahan,* 205 Mass. 99, 101, the court said that this statute " gives no jurisdiction to determine the validity or invalidity of a disputed mortgage of long standing." *Mitchell* v. *Bickford,* 192 Mass. 244. *Lewis* v. *Crowell,* 205 Mass. 497, 499. If the petition had been brought in the Land Court the evidence of payment offered by the defendant would have deprived it of jurisdiction to enter the decree for which the statute provides. The remedy thus provided does not exclude the general equity jurisdiction to establish the validity or invalidity of a mortgage on conflicting evidence.

*First Congregational Society in East Longmeadow* v. *Metcalf,* 193 Mass. 288, 289. *Jenkins* v. *Andover Theological Seminary,* 205 Mass. 376, 380, 381. *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374. *Fuller* v. *Fuller,* 234 Mass. 187. *Bertram* v. *Wilbur,* 246 Mass. 377, 381. The finding that the defendant had no title to the mortgage would seem to be decisive in favor of the plaintiff. But if the case is considered on the assumption that he is the holder of the mortgage the same conclusion would be reached. The defendant is bound by the findings of the master, and upon those findings the decree was justified upon the principle stated in *Ayres* v. *Waite,* 10 Cush. 72, 76, in an opinion by Cushing, J.: ". . . if the mortgagee have suffered the mortgagor to remain in possession for twenty years after condition broken, without any payment of interest or admission of the debt, chancery will not, it is true, admit these facts as a conclusive bar to the rights of the mortgagee . . . But in such case the lapse of time is regarded as presumption of payment, subject to be rebutted by circumstances." Such lapse of time and the neglect on the part of the mortgagee to enforce the claim while another is exercising an adverse possession under the circumstances disclosed by the findings justify the conclusion that the mortgage has been satisfied. *Cheever* v. *Perley,* 11 Allen, 584. *Welsh* v. *Briggs,* 204 Mass. 540, 551. *Jenkins* v. *Andover Theological Seminary, supra.* See *Howland* v. *Shurtleff,* 2 Met. 26, 27.

*Decree affirmed with costs.*