## FRANK J. CUNNINGHAM *v.* DORA DAVIDOFF

[No. 80, October Term, 1945.]

*Decided April 12, 1946.*

The cause was heard before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*J. Harry Cross* for the appellant.

*George B. P. Ward* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Dora Davidoff alleges in her amended bill of complaint in this case: (1) that Frank J. Cunningham, appellant, and his wife, who is now deceased, acquired in 1917 a property, subject to ground rent, situated on Holmes Avenue in the City of Baltimore; (2) that on January 10, 1921, they assigned the leasehold interest to Aaron M. Jacob and his wife, who immediately gave back a purchase money mortgage to secure a loan of $1,500; (3) that the leasehold interest was assigned to her on April 26, 1936; and (4) that no payment has ever been made on the mortgage debt or the interest thereon, and hence the mortgage is barred by limitations. Complainant

prays the court to declare that the mortgage is no longer a lien or cloud on the title, and to restrain the institution of any action to foreclose the mortgage. Defendant is appealing from an order overruling his demurrer to the amended bill.

In the early judicial history of England, the courts formulated the rule that, in the absence of a statute of limitations applicable to the foreclosure of a mortgage, an action to foreclose may nevertheless be barred by a presumption of payment arising in favor of the mortgagor in possession after the lapse of twenty years from the time the right of action accrues. The presumption that a mortgage has been paid when the mortgagor has been in possession for twenty years was adopted by analogy to the provision in Statute of 21 James I, Chap. 16, that no person shall make entry upon any land but within twenty years after his right of title accrues. The presumption of payment is founded upon the experience of mankind that claims which are valid are usually not allowed to remain neglected. The lapse of years without any attempt to enforce a demand creates a presumption that it was not originally valid or that it has ceased to exist. Chancellor Kent said: "These presumptions, to be drawn by the Courts in the case of stale demands, are founded in substantial justice and the clearest policy. If the party, having knowledge of his rights, will sit still, and, without asserting them, permit persons to act as if they did not exist, and to acquire interests and consider themselves as owners of the property, there is no reason why the presumption should not be raised." *Giles v. Baremore*, 5 Johns. Ch., N. Y., 545, 551. While a statute of limitations is a positive bar, the presumption of payment is not conclusive, but may be rebutted by evidence that the mortgagor or his successor in interest made a part payment on the principal or interest thereon, or otherwise acknowledged existence of the debt. *Boyd v. Harris*, 2 Md. Ch. 210, 214; *Brown v. Hardcastle*, 63 Md. 484; *Subers v. Hurlock*, 82 Md. 42, 49, 33 A. 409; *Demuth v. Old Town Bank*, 85 Md. 315, 37 A. 266; *Peters*

*v. Hignutt,* 138 Md. 24, 113 A. 586; *Morse v. National Central Bank,* 150 Md. 142, 132 A. 598; *Miller v. Horowitz,* 172 Md. 419, 432, 191 A. 906; *Blanch v. Collison,* 174 Md. 427, 436, 199 A. 466; *O'Connell v. Everett,* 274 Mass. 602, 175 N. E. 44; *Riddlesbarger v. Hartford Insurance Co.,* 7 Wall. 386, 19 L. Ed. 257; 5 *Tiffany, Real Property,* 3d Ed., Sec. 1517; 2 *Alexander's British Statutes,* Coe's Ed., 616, 617.

However, while it has long been established that a suit to foreclose a mortgage may be barred either by presumption of payment or by a statute of limitations, it is also well settled that when a mortgagor seeks affirmative relief in a suit to quiet title, the sole allegation that the mortgage is barred by limitations is not sufficient. The presumption of payment or a statute of limitations may be used as a shield, but not as a sword. Equity considers that the moral obligation to pay a just debt continues after the lapse of the limitation period. The maxim, "He who seeks equity must do equity," applies in such case with full effect. A mortgagor who comes into a court of equity asking for cancellation of a lien upon his property will be required to respect the maxim regardless of a statute of limitations. So, where the only ground advanced by a mortgagor for relief is that the mortgage is barred by limitations, the court will not interpose its aid. *House v. Carr,* 185 N. Y. 453, 78 N. E. 171, 6 L. R. A., N. S., 510; *Grider v. American Freehold Land Mortgage Co.,* 99 Ala. 281, 12 So. 775, 780; *Stock v. Schloman,* 322 Mo. 1209, 18 S. W. 2d 428, 432; *Tracy v. Wheeler,* 15 N. D. 248, 107 N. W. 68, 6 L. R. A., N. S., 516; *Bank of Alma v. Hamilton,* 85 Neb. 441, 123 N. W. 458; *Gibson v. Johnson,* 73 Kan. 261, 84 P. 982; *Nellis v. Minton,* 91 Okla. 75, 216 P. 147; *Burns v. Hiatt,* 149 Cal. 617, 87 P. 196; *Ephraim v. Nevada & California Land & Live Stock Co.,* 9 Cir., 282 F. 610. Accordingly, in *Cacy v. Slay,* 127 Md. 493, 498, 96 A. 690, 1 A. L. R. 764, Chief Judge Boyd stated that when a mortgagor comes into a court of equity to compel release of the mortgage, "he must not only allege * * * but must prove that the mortgage has been

paid, or at least that he is entitled to have it released by those he proceeds against."

However, the court will not apply the maxim where there is no moral obligation on the mortgagor or his successor in interest to pay the debt which the mortgage was given to secure. *Downs v. Sooy*, 28 N. J. Eq. 55, 58; *Connecticut Mutual Life Insurance Co. v. Smith*, 117 Mo. 261, 22 S. W. 623. In the instant case the amended bill alleges that the mortgage was given by Jacob and wife in 1921, and the mortgaged property was acquired by complainant in 1936. The law is established in Maryland that the purchase of property subject to an existing mortgage does not create a personal obligation on the part of the purchaser to pay the mortgage, unless its payment is assumed as a part of the purchase price of the property. *Wright v. Wagner*, 182 Md. 483, 489, 34 A. 2d 441. Inasmuch as there is no allegation in the amended bill that complainant is under any obligation to pay the mortgage, the order of the chancellor overruling the demurrer will be affirmed.

*Order affirmed and case remanded, with costs.*