WARFIELD ET UX *v.* CHRISTIANSEN, TRUSTEE, ET AL.

[No. 48, October Term, 1952.]

254

*Decided January 8, 1953.*

The cause was argued before DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *L. Pearce Bowlus* and *H. K. DeLauter,* for the appellants.

Submitted on brief by *Sponseller & Hoff,* for Stanford I. Hoff, administrator, appellee.

Statement filed by *D. Eugene Walsh,* for Clarence M. Christiansen, trustee.

DELAPLAINE, J., delivered the opinion of the Court.

In 1950 Clarence M. Christiansen, trustee for Harry S. Christiansen, purchased from H. Deets Warfield and wife a tract of about 53 acres of land in Carroll County. There has been a mortgage for $3,500 on this property since 1922, but no interest has been paid on it for more than 20 years, and the Warfields considered that the mortgage was no longer a lien on the property. Christiansen, however, demanded that the sum of $4,000 be withheld in escrow as an indemnity against any loss by reason of the mortgage, and thereupon instituted this suit in equity for a declaratory decree determining whether the mortgage is a lien on the property.

The links in the chain of title are as follows:

(1) On December 20, 1922, Dorsey B. Stout and wife, of Mount Airy, executed a purchase money mortgage on the property for $3,500, payable to Oscar R. Hood two years after date, with interest at 6 per cent.

(2) Hood, the mortgagee, died in February, 1924, and his will was probated by the Orphans' Court of Carroll County on March 3, 1924. The will directed that the residue of his estate be divided into two equal parts, the income from the first part to be paid to his daughter, Sarah Elizabeth Hood, until she shall reach legal age, when this part shall belong to her absolutely; the income from the second part to be paid to his widow, Annie M. Hood, as long as she shall live, and at her death the income to be paid to his daughter as long as she shall live, and at her death this part shall belong to "the heirs or children" of said daughter, but in case of her death without issue, then this part to belong to the nearest heirs of the testator.

(3) In accordance with Hood's will, his executrix, in her administration account filed on July 21, 1925, distributed half of the residue to her daughter and half to herself, her half including the mortgage note for $3,500 payable by the Stouts on December 20, 1924.

(4) In 1927 the Stouts moved from Carroll County, Maryland, to Cumberland County, Virginia. On December 22, 1928, they conveyed the property to Mrs. Hood. Their deed contains the following provision: "This conveyance, however, is made subject to a certain duly recorded mortgage, executed by Dorsey B. Stout and Gertrude Grace Stout, his wife. The party of the second part, by the acceptance of this deed, does hereby assume the said mortgage and relieves the parties of the first part from the payment thereof and all obligations thereunder."

(5) Upon the death of Mrs. Hood intestate on July 27, 1933, the property passed by descent to her daughter.

(6) In May, 1942, the daughter, under the name of Sue E. Denny, and her husband, David Denny, conveyed the property to Bertram B. Starkie and wife.

(7) In December, 1947, the Starkies conveyed the property to the Warfields.

(8) On October 18, 1950, the Warfields conveyed the property to complainant.

The bill named as defendants the Warfields, Fred A. Brown, administrator d. b. n. c. t. a. of Hood's estate, and Hood's daughter, known as Sue E. Denny and Sue E. Saltzman, a non-resident of the State of Maryland. After Brown was returned *mortuus,* the Orphans' Court appointed Stanford I. Hoff substituted administrator d. b. n. c. t. a.

The Stouts testified that when they conveyed the property to Mrs. Hood in December, 1928, it was understood that they "were turning it back to her in satisfaction of the mortgage." They further testified that they had not paid any interest on the mortgage since that time.

The Court, assuming jurisdiction of the trust created by Hood's will, decreed that, upon the death of Mrs. Hood, her daughter was entitled to the interest from the trust estate, but when she conveyed the property to the Starkies, she became estopped from claiming interest. The Court declared in the decree that the mortgage is a lien on the property and the mortgage debt is not barred by limitations. The Court ordered the costs of suit to be paid out of the trust estate.

The Warfields have appealed here from the decree, but no appeal was taken by complainant, as he is protected by the indemnity deposit.

First, appellants contended that the mortgage was extinguished by the deed of the equity of redemption from the Stouts, the mortgagors, to Mrs. Hood. Generally, the acquisition of the equity of redemption in mortgaged property by the mortgagee results in a merger of the two estates, vesting the mortgagee with the complete title and putting an end to his rights under the

mortgage. But to constitute a merger, the two estates must unite in the same person in the same right. *Curtis v. Moore,* 152 N. Y. 159, 46 N. E. 168, 170; *Pratt v. Bank of Bennington,* 10 Vt. 293, 33 Am. Dec. 201; *Swayze v. Schuyler,* 59 N. J. Eq. 75, 45 A. 347; *Polk Bond & Mortgage Co. v. Dwiggins,* 109 Fla. 443, 147 So. 855; *Fruth v. Bolt,* 39 S. D. 351, 164 N. W. 105; *Goldblatt v. Cannon,* 95 Colo. 419, 37 P. 2d 524.

It is entirely clear that the mortgage payable to Oscar R. Hood, deceased, was not extinguished by the deed from the mortgagors to the mortgagee's widow, as there was no union of two estates in the same person in the same right. It is also clear from the language of the deed that no merger was intended by the parties, for the deed recites that Mrs. Hood, by accepting the deed, assumed the mortgage. Where a conveyance is made subject to a mortgage, the amount due on the mortgage is presumptively a part of the consideration for the purchase. *Fair Oaks Building & Loan Ass'n v. Kahler,* 320 Pa. 245, 181 A. 779, 111 A. L. R. 1108.

Secondly, appellants contended that, even though the mortgage was not extinguished by merger, it is no longer a lien on the property because it is barred by limitations. It was shown that the mortgage was payable two years after date, *i.e.,* December 20, 1924, after which date the mortgagee's executrix was authorized to foreclose; but that no action to foreclose was ever taken, and no interest has been collected on the mortgage since the property was conveyed to Mrs. Hood 24 years ago.

The early English courts formulated the rule that, in the absence of a Statute of Limitations applicable to the foreclosure of mortgages, an action to foreclose may nevertheless be barred by a presumption of payment arising in favor of the mortgagor in possession after the lapse of 20 years from the time the right of action accrues. The presumption that a mortgage has been paid when the mortgagor has been in possession for 20 years was adopted by analogy to the provision in *Statute* of 21 *James I,* ch. 16, that no person shall make entry upon

any land but within 20 years after his right of title accrues. The lapse of years without any attempt to enforce a demand creates a presumption that it was not originally valid or that it has ceased to exist. As we said in *Cunningham v. Davidoff*, 187 Md. 134, 46 A. 2d 633, 164 A. L. R. 1383, the presumption of payment is not conclusive, but may be rebutted by evidence that the mortgagor or his successor in interest made a part payment on the principal or interest thereon, or otherwise acknowledged existence of the debt.

However, neither a Statute of Limitations nor the presumption of payment operates to bar a *cestui que trust* from bringing action against the trustee. The reason for this well recognized exception is that, since the title of the trustee is the title of the *cestui que trust*, the court will not presume that the trustee's possession is adverse to the interest of the *cestui que trust*, and, if the trust is a continuing one, no lapse of time will bar relief. *In re Estate of Leiman*, 32 Md. 225, 3 Am. Rep. 132; *Needles v. Martin*, 33 Md. 609, 619; *Weaver v. Leiman*, 52 Md. 708, 713.

In this case the mortgagee died in 1924, and his widow qualified as his executrix. During the period of eight years, from July, 1925, when the executrix distributed the mortgage note for $3,500 to herself, until her death on July 27, 1933, she was entitled to the interest on the mortgage. When she acquired the property in December, 1928, she assumed the mortgage, and therefore in the period of nearly five years, from December, 1928, until July 27, 1933, she was theoretically collecting the interest on the $3,500 note from herself and repaying it to herself. Her daughter was not entitled to the interest until after July 27, 1933.

Inasmuch as the mortgage was not extinguished by the deed of the property to the mortgagee's widow and has not been barred by a presumption of payment, it is still a lien on the property. The decree of the chancellor must therefore be affirmed.

*Decree affirmed, with costs.*