MILTON F. KIRSNER, Administrator of the Estate of Dave Kirsner *v.* HAMMOND

[No. 108, September Term, 1969.]

*Decided February 4, 1970.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Leon Robert Saiontz* for appellant.

*Larry S. Gibson* for appellee.

SMITH, J., delivered the opinion of the Court.

Appellee (Hammond) owns land in Baltimore City which was mortgaged in 1927 to Dave B. Kirsner (Dave), of whose estate the appellant, Milton S. Kirsner (Milton), was the administrator. Hammond acquired the land in 1942. She claimed that she first learned of the mortgage when a title search was made in 1966 preparatory to sale. An action was brought in which it was prayed that the mortgage be decreed "redeemed and released" and "not [to] constitute a lien or cloud upon the title to [the] property". We shall affirm the decree of Judge Joseph Carter which granted the relief prayed.

Dave acquired the property in 1927. He executed a mortgage at that time to a building association with which he was connected. He was an attorney. On September 24, 1927, he conveyed the property to Couch and wife taking back a mortgage in the amount of $932.00. This conveyance and mortgage apparently were subject to the prior building association mortgage. Couch conveyed in 1932 to Miller. Miller conveyed in 1942 to Hammond. Dave was counsel in connection with that transaction. The testimony was to the effect that no mention was made of the Kirsner mortgage.

Dave died on December 20, 1944. Letters of administration were granted to Milton on February 26, 1947. The parties stipulated that the only asset reflected in the administration account in Dave's estate was a small sum on deposit in one of the Baltimore banks and that those entitled to share in the estate were the widow, Esther Kirsner, and Milton, a son. They further stipulated that Mrs. Kirsner died on June 9, 1963, that Milton was her

executor, and that, although she left an estate in excess of $50,000.00, there is no reference in the estate to the subject mortgage. Hammond and her employer for more than 40 years, for whom she was alleged to have held title, both testified that their first knowledge of the mortgage was when the title search in 1966 revealed it. Moreover, interestingly enough, Milton said the first knowledge he had of the mortgage was when he was approached within "three or four years" prior to the time of his 1967 testimony by counsel for Hammond, although he had access to the records of his father and was administrator of his father's estate and executor of his mother's. He found no record of the mortgage. This would place his first knowledge at more than 20 years after the Hammond purchase and close to 20 years after the death of Dave.

In an annotation entitled "Statute of limitations or presumption of payment from lapse of time as ground for affirmative relief from debt or lien" appearing at 164 A.L.R. 1387 it is said:

> "[W]here there is no privity of relation between the mortgagor and the person seeking to have the mortgage removed as a cloud, or to have his title quieted against the mortgage, and the latter is otherwise under no moral obligation to pay the mortgage debt, the courts seem generally to regard the situation as one appropriate for the granting of affirmative relief without exacting any condition of payment." *Id.* at 1388.

The Maryland rule is to this effect and was fully reviewed by Judge Delaplaine for this Court in *Cunningham v. Davidoff*, 187 Md. 134, 46 A. 2d 633, 164 A.L.R. 1383 (1946), where he said:

> "In the early judicial history of England, the courts formulated the rule that, in the absence of a statute of limitations applicable to the foreclosure of a mortgage, an action to foreclose ·

may nevertheless be barred by a presumption of payment arising in favor of the mortgagor in possession after the lapse of twenty years from the time the right of action accrues. The presumption that a mortgage has been paid when the mortgagor has been in possession for twenty years was adopted by analogy to the provision in Statute of 21 James I, Chap. 16, that no person shall make entry upon any land but within twenty years after his right of title accrues. The presumption of payment is founded upon the experience of mankind that claims which are valid are usually not allowed to remain neglected. The lapse of years without any attempt to enforce a demand creates a presumption that it was not originally valid or that it has ceased to exist. Chancellor Kent said: 'These presumptions, to be drawn by the Courts in the case of stale demands, are founded in substantial justice and the clearest policy. If the party, having knowledge of his rights, will sit still, and, without asserting them, permit persons to act as if they did not exist, and to acquire interests and consider themselves as owners of the property, there is no reason why the presumption should not be raised.' *Giles v. Baremore*, 5 Johns. Ch., N.Y., 545, 551. While a statute of limitations is a positive bar, the presumption of payment is not conclusive, but may be rebutted by evidence that the mortgagor or his successor in interest made a part payment on the principal or interest thereon, or otherwise acknowledged existence of the debt. *Boyd v. Harris*, 2 Md. Ch. 210, 214; *Brown v. Hardcastle*, 63 Md. 484; *Subers v. Hurlock*, 82 Md. 42, 49, 33 A. 409; *Demuth v. Old Town Bank*, 85 Md. 315, 37 A. 266; *Peters v. Hignutt*, 138 Md. 24, 113 A. 586; *Morse v. National Central Bank*, 150 Md. 142, 132 A. 598; *Miller v. Horowitz*, 172 Md. 419,

432, 191 A. 906; *Blanch v. Collison,* 174 Md. 427, 436, 199 A. 466; *O'Connell v. Everett,* 274 Mass. 602, 175 N.E. 44; *Riddlesbarger v. Hartford Insurance Co.,* 7 Wall. 386, 19 L. Ed. 257; 5 *Tiffany, Real Property,* 3d Ed., Sec. 1517; 2 *Alexander's British Statutes,* Coe's Ed., 616, 617." *Id.* at 136-37.

In *Boyd and Hance v. Harris,* 2 Md. Ch. 210 (1850), to which reference was made by Judge Delaplaine, the chancellor, in discussing bonds, said:

> "But, though not within these statutes, like mortgages, they are liable to presumptions of payment; and it is thought to be quite clear, that when the circumstances are such, as would induce the court to presume the payment of a mortgage, the same presumption would be made with reference to these bonds. 'It is,' says Chancellor Kent, 'a well settled rule, both at law and in equity, that a mortgage is not evidence of a subsisting debt, if the mortgagee never entered, and there has been no interest paid or demanded for twenty years.' 5 *Johns. Ch. Rep.* 552." *Id.* at 213-14.

See also *Cunningham v. Davidoff,* 188 Md. 437, 53 A. 2d 777 (1947), and *Warfield v. Christiansen,* 201 Md. 253, 258-59, 93 A. 2d 560 (1953).

There was no evidence in this case of any acknowledgement in any manner by Hammond of the existence of a debt. As previously indicated, the contention of Hammond and her employer that they had no knowledge of the mortgage until this fact was turned up by the title search was in effect corroborated by Milton when he indicated that his first knowledge of the mortgage was when contacted by Hammond's attorney. The mortgage was already 15 years old when Hammond acquired the property. Dave was counsel for Hammond in the acquisition of the property. If the debt were still due at that

time it seems odd that not only was no mention of this fact made by Dave, but Milton found no records reflecting the debt.

The facts of this case clearly come within the enunciated rule. Therefore, the chancellor must be affirmed.

*Decree affirmed, appellant to pay the costs.*