(Decided 15th May, 1885.)

CHARLES BROWN *vs.* ALEXANDER HARDCASTLE, CATHA-RINE HARDCASTLE, his Wife, and ISAAC S. LAP-HAM.

*Mortgagor—Presumption of Payment—Recognition of Mort-gage—Statute of Limitations—Rate of Interest—Bond se-cured by Mortgage—Subsequent mortgagee affected with Notice of the Terms of the Mortgage—Mortgagor and Mort-gagee—Compound interest basis—Subsequent lienor—Ex-ception to Testimony before a Commissioner.*

The presumption of payment in favor of a mortgagor in possession over twenty years, is not conclusive, but may be rebutted by evi-dence of part payment of principal or interest, or by admissions of the existence of the debt, or other circumstances from which it may be inferred the debt has not been paid. In other words, a recognition of the mortgage debt involving a promise to pay it, will remove the bar of the Statute of Limitations. •

Where a bond is given, conditioned for the payment of a sum named, with one per cent. interest thereon by a particular day, and there is no stipulation in relation to interest after that day, in case the debtor should fail to pay the debt, the creditor is entitled to the legal rate of interest after that time.

Where a mortgage clearly sets out the fact that interest at one per cent. is to be paid until the principal becomes due, and is silent as to the rate after that time; and there is nothing to indicate an in-tention that this low rate of interest is to be charged so long as the debt is unpaid, the legal consequence of non-payment at the

time appointed subjects the debtor to legal interest thereafter, and a subsequent mortgagee is affected with notice of the terms of the mortgage, and with knowledge of the legal consequences of default in payment according to engagement.

While it is competent for mortgagor and mortgagee to have a settlement in respect to the mortgage debt, on a compound interest basis, and so bind the mortgagor, a subsequent lienor without notice thereof is not bound by such computation.

Exception to testimony taken before a commissioner because of the leading character of the questions to the witness, will be overruled, it appearing that at the time the questions were asked, the ground of objection was not stated and noted.

APPEAL from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J., for the appellant, and submitted on brief for the appellees.

*Philip Frank Thomas,* for the appellant.

*George M. Russum, John B. Brown,* and *E. H. Brown,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This appeal is from a *pro forma* decree of the Circuit Court for Caroline County, dismissing the appellant's bill of complaint. The bill prays the sale of certain real estate for the payment of a mortgage debt due the appellant as assignee of the mortgagee.

The bill charges, that on the twenty-seventh day of July, eighteen hundred and forty-seven, William M. Hardcastle, of Caroline County, Maryland, being indebted to Mary A. N. Baynard in the sum of nine

thousand and forty-two dollars and sixty-four and three-fourth cents, executed his bond to her for the sum of eighteen thousand and eighty-five dollars and twenty-nine and one-half cents, "conditioned for the payment of the said sum of nine thousand and forty-two dollars and sixty-four and three-fourth cents to the said Mary A. N. Baynard, her executors and administrators or assigns, with one per cent. interest per annum thereon, on or before the thirteenth day of January, 1850." It further charged that this bond was secured by a mortgage deed of certain lands in Caroline County, particularly described, to which mortgage is also appended a condition that it should be void upon the "payment by the said William M. Hardcastle, to the said Mary A. N. Baynard, of the said sum of money with one per cent. interest per annum thereon, on or before the thirteenth day of January, 1850, according to the condition of the bond aforesaid." It is also charged that it was understood by the parties, and agreed at the time, that if the money was not paid at the time appointed, thereafter it was to draw six per cent. interest per annum, until paid. A copy of the bond, and of the mortgage, are exhibited with the bill. The bill further alleges that on the third day of August, eighteen hundred and fifty-two, the mortgagor paid, upon this debt, the sum of five thousand three hundred and twenty-four dollars and sixty-five cents, leaving due, at that time, to the mortgagee the sum of four thousand eight hundred and sixty-four dollars and fifty-eight cents, with interest from the first day of January, eighteen hundred and fifty-two; that subsequently by two deeds, which are exhibited with the bill, the mortgagor conveyed all the real estate included in the mortgage to Alexander Hardcastle, one of the respondents. By the second deed, which is exhibited with the bill, the grantee covenants to pay all debts of the grantor. The bill further charges, that afterwards, on the 22d of December, 1864, the grantee in the mortgage, and obligee

in the bond, Mary A. N. Baynard assigned the bond and mortgage to the appellant, by deed duly executed, acknowledged and recorded, as appears by copy exhibited with the bill; that subsequently, on the 27th of December, 1871, Alexander Hardcastle, the then owner of the mortgaged estate, assumed the payment of the debt to ·the appellant, and then admitted the sum of nine thousand and four hundred dollars to be due thereon, which sum he agreed to pay in five years, with interest payable semi-annually—a copy of which agreement, duly executed, acknowledged and recorded, is exhibited with the bill; that failing to pay at the expiration of five years, either principal or interest, they came to settlement, and appellant and Alexander Hardcastle agreed with each, that the basis of settlement should be as of the third of October, 1878, the day of settlement, twelve thousand dollars, with interest on the original indebtedness, viz., the sum of four thousand eight hundred and sixty-four dollars and forty-eight cents, from the first day of January, eighteen hundred and seventy-eight, making a total of sum due of twelve thousand two hundred and eighteen dollars and ninety cents, as appears by copy of Exhibit "F," filed with the bill; and that, at that time, Alexander Hardcastle paid to the complainant the sum of seven thousand three hundred and fifty-two dollars and forty-five cents, leaving a balance of four thousand eight hundred and sixty-four dollars and sixty-eight cents due, upon which balance interest at the rate of six per cent. *per annum* was paid by Alexander Hardcastle for the years 1879, 1880, and 1881. The bill also charges, that on the third day of December, eighteen hundred and eighty-one, Alexander Hardcastle and wife executed a mortgage to one Isaac S. Lapham of the same premises, conditioned for the payment to him of the sum of six thousand dollars, with interest payable semi-annually, on the 3d of December, 1886. The death of the original mortgagor is alleged.

Isaac S. Lapham is made a party; and the prayer is for a sale of the property to pay complainant's claim, all of which, as last alleged, is claimed to be due with interest and unpaid.

The respondent, Alexander Hardcastle in his answer denies the amount claimed to be due; and pleads payment, and the Statute of Limitations. He denies any knowledge of the agreement respecting the change of the rate of interest in the event of default in payment by his father in January, 1850. He admits the payment on the 3d of August, 1852, by the mortgagor, as alleged; but denies that after such payment the balance, charged as remaining due, was due, and alleges that only $4170.12 remained due after such payment. He admits the conveyance of the property to him by the deeds exhibited with the bill. He admits the assignment of the bond and mortgage to the complainant, as charged; but denies the amount alleged then to be due. He admits the making of the agreement by which it appeared there was, on the 27th of December, 1871, $9400.00 then due the complainant, but he denies that such amount was in fact due. He avers that agreement to have been cancelled and released. He admits the payment on the mortgage debt on the 3d of October, 1878, of $7352.45, but he denies that it was paid on account of any agreement of which Exhibit " F " is a true copy, and avers that such payment paid and satisfied the mortgage. He admits the death of William M. Hardcastle, and the mortgage to Isaac S. Lapham. The mortgagee, Lapham, pleads payment, and the Statute of Limitations, and makes, substantially, the same answer in other respects as Hardcastle and wife, and pleads that Alexander Hardcastle had been twenty years in adverse, continuous and exclusive possession of the mortgaged premises before the same were mortgaged to him, and he relies thereon.

The presumption of payment in favor of a mortgagor in possession over twenty years, is not conclusive, but may be

rebutted by evidence of part payment of principal or interest, or by admissions of the debt's existence, or other circumstances from which it may be inferred the debt has not been paid. In other words, a recognition of the mortgage debt involving a promise to pay it will remove the bar of the Statute of Limitations. 2 *Jones on Mortgages,* secs. 1196, 1197, 1198, and *Wood on Limitations, sec.* 229. This is the law in this State. In *Stump and others vs. Henry and others,* 6 *Md.,* 209, this Court says: "And payment of part of a mortgage will prevent it from being barred by limitations for twenty years afterwards, although the mortgagor may have been in possession for nineteen years and upwards, prior to the payment." This disposes of the contention that the Statute of Limitations bars the claim of the appellant; for the debt was a subsisting debt of record when Alexander Hardcastle took a deed for the equity of redemption in 1864, covenanting to pay all existing debts of his grantor. Irrespective of the payment by the mortgagor in 1852, which is admitted, the mortgage in 1864 was only of seventeen years standing, and only twelve years had elapsed from the large payment upon it by the mortgagor, which payment is admitted. After the deed to him, Dr. Alexander Hardcastle made payments thereon in 1864 and 1865, and in 1871 he entered into a written agreement, which is admitted in the answers, wherein the amount due on the mortgage at that date was ascertained, and a distinct and new promise made to pay it. This agreement, it is contended, was cancelled in 1878, and surrendered, but if it was, this new agreement of 1878, which is proved to have been made, recognized the existence of the debt, and a large payment was then made upon it, which payment it is now insisted extinguished the debt, although a large balance was then found to be due, and interest on that sum, viz., $4864.48, that is to say, $291.86 each year was paid for three successive years thereafter by Dr. Hardcastle. He contends, however,

that in this settlement compound interest was computed at the rate of six per centum per annum, whereas the original contract contemplated and provided for the payment of only one per centum, and that at the time the agreement and settlement of 1871 and 1878 were made, he was ignorant that the original agreement provided for only one per cent. interest. In this respect Dr. Hardcastle's memory must be at fault; for it is hardly conceivable that he would have accepted a conveyance of property cumbered by mortgage to that extent and of record, and covenanted to pay it, without knowing its contents; and the mortgage recited the bond and that it drew interest at one per centum till the thirteenth day of January, 1850. It fails to recite the agreement under seal appended to the bond, that if payment was not made according to promise on the day named, the debt was thereafter to draw six per cent. interest. In addition to the presumed knowledge which these recitals may reasonably be supposed to have given him, we not only have the distinct recollection of the appellant, that they had talked it over prior to 1871, but we have the statement of a third person, Mr. Wm. H. Brown, that in December, 1871, his uncle, Dr. Hardcastle, stated, that if he had been inclined to be dishonest, he could have defeated a part of Mr. Charles Brown's claim; and that on being asked to explain, he referred to the one per cent. interest clause; whereupon witness said, you must remember, that only ran two years, and took the bond and showed him the agreement for six per centum after due and unpaid. And after reading it he said he did not know of that additional clause before.

An agreement to pay legal interest was certainly competent, and the settlement, in that regard, must be considered as having been made with adequate knowledge on the part of Dr. Hardcastle; but the question would still remain, as against Lapham, the subsequent mortgagee, whether more than one *per centum* interest could be properly charged.

Upon this question there is some conflict of authority, but the weight of best authorities is, we think, decidedly in favor of making interest on *over due* instruments to run at the legal rate, after due and unpaid. In this instance there was a bond given in double the penalty of the debt, conditioned for the payment of the debt by a particular day. Upon a suit at law on that penal bond the measure of damages would be the exact loss the plaintiff had sustained; and inasmuch as the debtor had agreed to pay by a particular day, and the creditor, upon that condition, had let him off with only one per cent. interest, irrespective of the agreement on the subject for a different rate in the event of default, the true measure of damages would be the debt with *legal interest* thereon *after default.* The agreement is not to pay one per cent. interest *until paid;* but to pay the sum named by a particular day, with one per cent. interest added.

In *Brewster vs. Wakefield,* 22 *Howard,* (*U. S.,*) 127, in speaking of the notes in that case, Judge TANEY says," there is no stipulation in relation to interest after the notes become due, in case the debtor should fail to pay them; and if the right to interest depended altogether on the contract, and was not given by law, in a case of this kind the appellee would be entitled to no interest whatever after the day of payment. The contract being entirely silent as to interest if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provisions in the contract."

In that case the law of Minnesota permitted special rates of interest, but fixed seven per cent. as the legal rate; and the notes in controversy stipulated for more than the legal rate; but it appears did not provide for such payment beyond the day they became due. In *Holden vs. Trust Co.,* 100 *U. S.,* 72, the same law and reasoning is maintained. In that case the notes stipulated for ten per cent., but did not provide for a period beyond the day

of payment; and six per cent. only after they became due
was allowed. There is greater reason for applying the
same rule to a case where less than the legal rate has been
stipulated for until due, and the agreement is silent as to
the time they remain unpaid after due. Accordingly, in
*Macomber vs. Durham,* 8 *Wendell,* 550, where the stipula-
tion was for three per cent., and no provision in the in-
strument extending that rate beyond the day the note
became due, the legal rate of six per cent. was awarded
after the note fell due. So also in *U. S. Bank vs. Chapin,*
9 *Wendell,* 471, where the charter restricted to six per cent.
on all loans and discounts, it was held that after due the
bank was entitled to the legal rate, seven per cent. Au-
thorities in support of this doctrine could be multiplied,
but it is unnecessary; for sound reason sustains it. Quite
a number of cases have been cited by the appellees'
counsel supposed to support a contrary view; but upon a
most careful examination we have found almost all of them
to proceed upon the ground that the instrument either ex-
pressly provided that the interest should run at the ex-
pressed rate " until paid," or, that a proper construction of
the instrument showed that such was the *intention* of the
parties. Such as rest upon a view different from that
established by the authorities we have cited, in our
opinion, do not rest upon sound principle.

The mortgage in this case clearly sets out the fact that
interest at *one per cent.* was to be paid *until the principal
became due,* and is silent as to the rate after due. There
is nothing to indicate an intention, that this low rate of
interest was to be charged so long as the debt was un-
paid. The legal consequence of non-payment at the time
appointed, subjected the debtor to legal interest thereafter,
and a subsequent mortgagee was affected with notice of
the terms of the mortgage, and with knowledge of the
legal consequences of defalt in payment according to
engagement; and there is nothing inequitable in so charging

him. The record discloses no release of the first mortgage, and, in fact, there was none ever executed, and no settlement of the parties, or agreement, made at the time thereof, can be construed as having, or being intended to have the effect of releasing the mortgage lien on the land. The statements of Dr. Hardcastle to Lapham that the mortgage was paid, no doubt misled him, but he must bear the result of his failure to inquire more fully into the actual facts, as the record disclosed the mortgage as outstanding.

We are of opinion, however, that in so far as in the settlements between Dr. Hardcastle, and Mr. Brown, compound interest has been allowed, to that extent, as against Lapham, a subsequent mortgagee, without either actual or constructive notice of such settlement and allowance, Brown's claim should be abated. It was perfectly competent for mortgagor and mortgagee to settle on a compound interest basis, and so bind the mortgagor. This is settled by *Fitzhugh vs. McPherson,* 9 *Gill and Johnson,* 51, and 3 *Gill,* 408. But that case does not go to the extent of binding a subsequent lienor without notice thereof by such computation. That point was expressly reserved as not decided. A second mortgagee, without actual notice, is reasonably to be supposed as having contracted upon the faith of what the record told him, including the legal construction and consequences thereof.

To the extent, therefore, that the settlements of 1871 and 1878 clearly show compound interest was charged and computed, as against Lapham it will be deducted. But if the property shall sell for enough to pay Brown and Lapham both, with the compound interest included, then Brown will not be abated; and he will only be abated on account thereof to such extent as such computation affects Lapham injuriously.

By our computation, after the payment, on 3d of August, 1852, there was a larger amount due than the sum

charged by $141.24, but as all parties have agreed and acted on the sum as charged, it will not be disturbed. Computing interest at the rate of six *per centum* from first of January, 1852, to 3d of October, 1878, and adding it to the latter principal sum of $4864.58, we have the total amount of $12,674.64. Deducting from this amount, the $500, and $800 paid in 1864 and 1865, by Dr. Hardcastle, there remains $11,374.64. From this must be deducted the amount paid in land and money on 3d of October, 1878, viz., $7352.45, which being done leaves a balance of $4022.19. Upon this sum interest must be calculated for three years, during which period, as against Lapham, excessive interest was paid. Adding three years interest to $4022.19, viz., $723.96, we have $4746.15. From this must again be deducted $875.58, the amount actually paid as interest, and there remains the sum of $3870.57, with interest from the 3d day of October, 1881, as against Lapham. But, as against Dr. Hardcastle, the principal of $4864.58, with interest from 3d of October, 1881, we find to remain due. The decree dismissing the bill will therefore be reversed, and the cause will be remanded to the end that a decree may be passed requiring Dr. Hardcastle to pay such sum, as the Court below, after reviewing our calculation, may find to be due as against him, by a particular day; and in default thereof that the property be sold; and in the event of sale, that, as against Lapham, in the distribution of the proceeds, only the amount found to be due, as against him on the principles herein established, may be allowed if the property does not sell for enough to pay both in full.

With respect to the exceptions to the testimony on the behalf of the appellant filed by the appellees, and upon which the Court below did not specially pass, as the decree was *pro forma*, an objection has been made by appellant, upon the ground that they were not filed within the time prescribed by the new rules, and ought not to be re-

garded. This is too strict an interpretation. The rule was intended to prevent delay, and to entitle the cause to be set down for hearing promptly. The practice has always prevailed of allowing exceptions to testimony to be taken at the hearing. Even when, by the rules of some Courts, a whole term was allowed, and the testimony was permitted to lie for that purpose, the actual filing of the exceptions has been always permitted at the hearing. We do not find it necessary to consider the exceptions *seriatim*, for in no case, when the exception was well taken, was the testimony essential to the determination we reach. All the exceptions to the testimony because of the leading character of the interrogatories are overruled, because, at the time the interrogatory was propounded, the ground of objection was not stated and noted, that opportunity to change the form thereof might be given. *Kerby vs. Kerby*, 57 *Md.*, 361, and cases cited. The objection to the complainant as a witness, because the original party to the contract is dead, we have not considered necessary to pass upon, for we have considered none of his statements with reference to what the original mortgagor said or did before he became assignee of the mortgage, or afterwards ; and certainly as to the transactions between Dr. Hardcastle and himself, after he became the assignee of the mortgage, and Dr. Hardcastle became the owner of the land bound by it, he is a competent witness, for they both stand on equal ground. The exception of the appellees to the testimony of the appellant as to the hand-writing of the mortgagor cannot be maintained ; for he laid foundation for expressing an opinion, and if his opportunities of knowledge had not been large, it only went to the weight of his statements. The objection, however, is immaterial, because the mortgage was admitted by the pleadings. In no case have we regarded statements of witnesses respecting the meaning of papers,

but have let the papers speak for themselves, hence we do not notice exceptions bearing thereon.

> *Decree reversed, and*
> *cause remanded.*

(Decided 15th May, 1885.)