## SARAH DELANO vs. WATSON L. SMITH.

Hampshire. Sept. 22. — Oct. 22, 1886. DEVENS & W. ALLEN, JJ., absent.

Four of six heirs of A., who had previously conveyed to B. all their right, title, and interest in certain land, also, so far as they had power, sold to B. the shares — to which they supposed themselves entitled by inheritance — of the other two heirs, whose whereabouts was unknown. B. delivered to C., in trust, two promissory notes for the amount of said two sixths of the land, each payable to one of the absent heirs, whenever the payee, "his heirs, assigns, or legal representatives, shall show me established and confirmed, by conveyance or otherwise, in the legal title to one undivided sixth part of" said land, "now supposed to be outstanding in the" payee. The payment of these notes was secured by a mortgage of said two sixths, given by B. to C. in trust for the two absent heirs, by order of the Superior Court, which assigned said two sixths to B. upon his petition for partition of the land. No payment was made of the debt secured by the mortgage, which was recognized by B. as an existing incumbrance in deeds subsequently executed by him; and neither the death of the two absent heirs, nor the succession of the remaining heirs of A. to their interest in the land, was established. *Held,* that a subsequent grantee of the land could not maintain a petition, under the St. of 1882, c. 237, to have said two sixths declared free of the incumbrance of the mortgage, although B. and those claiming under him had been in uninterrupted possession of the land for twenty years.

PETITION, under the St. of 1882, c. 237,* filed January 22, 1886, alleging that the petitioner is the owner of a certain parcel of land in Northampton, the record title of which is encumbered by an undischarged mortgage upon two undivided sixth parts thereof, dated June 21, 1865, from Charles Delano, now deceased, to Harrison O. Apthorp, now deceased, in trust for Sylvester

---

* The statute is as follows : "When the record title of real estate is encumbered by an undischarged mortgage, and the mortgagor and those having his estate in the premises have been in uninterrupted possession of such real estate for twenty years after the expiration of the time limited in the mortgage for the full performance of the conditions thereof, he or they may apply to the Supreme Judicial Court by petition, setting forth the facts, and asking for a decree as hereinafter provided; and if, after notice to all persons interested, by publication or otherwise as the court may order, no evidence is offered of any payment on account of the debt secured by said mortgage within said twenty years, or of any other act within said time in recognition of its existence as a valid mortgage, the court may enter a decree setting forth such facts and its findings in relation thereto, which decree shall, within thirty days, be recorded in the proper registry of deeds, and thereafter no action shall be brought by any person to enforce a title under said mortgage."

M. Smith and Charles F. Burt, their heirs and assigns; that the mortgage was made with a proviso for redemption upon payment by said Delano, his executors, administrators, heirs, or assigns, according to the tenor thereof, of two certain promissory notes, dated April 1, 1865, for the sum of $150 each, with interest at six per cent from date, payable severally to said Smith and Burt, their lawful representatives, or bearer, on demand, whenever the payee, " his heirs, assigns, or legal representatives, shall show me established and confirmed, by conveyance or otherwise, in the legal title to one undivided sixth part of " said land, " now supposed to be outstanding in the " payee; that these notes were delivered to said Apthorp, with the mortgage, in trust for Smith and Burt, their heirs and assigns, to make just and equal the assignment by court of the premises above mentioned to said Delano, and in which Smith and Burt were supposed to be interested; that said Delano took possession of the premises on said April 1, 1865, and continued in possession thereof until June 17, 1878; that, on that date, the Northampton Institution for Savings, a corporation duly established by law and having its place of business in said Northampton, entered upon said land for breach of condition, and for the purpose of foreclosure of a second mortgage from said Delano to said institution for savings, dated February 3, 1870; that said institution for savings, after said entry, continued in the peaceable possession of the land until the mortgage was foreclosed, and until June 16, 1885; that on that date it conveyed the land in fee to the petitioner, and she has since had possession of the same; that the possession of the several owners and occupants of said premises had been continuous and uninterrupted for a period of more than twenty years since the expiration of the time limited in the first-mentioned mortgage for the performance of the conditions thereof, namely, since April 1, 1865; that there had been no one during this period who could lawfully make claim to the payment of said notes, and no payment had been made within twenty years, or at any time, of the debt secured by the first-mentioned mortgage, and no other act had been done by any one of the occupants, in recognition of the valid existence of the mortgage; that the respondent, having been appointed to succeed said Apthorp in said trust, upon the decease of the latter,

was by virtue of said appointment the legal holder and party interested in the mortgage.

The prayer of the petition was, that, after notice to the respondent and to all other parties interested, by publication or otherwise, as might be ordered, the court would order a decree to be entered which should set forth the facts as herein alleged, and the findings of the court in accordance therewith, to the end that said decree might be duly recorded in the registry of deeds, as provided by the St. of 1882, c. 237 ; and that thereafter no action should be brought by any person to enforce said mortgage.

The case was heard by *Field*, J., and reported for the consideration of the full court, in substance as follows:

The petitioner proved that the record title of a certain parcel of real estate owned by her in Northampton was encumbered by an undischarged mortgage on two sixth parts thereof, given, by order of the Superior Court, by Charles Delano, on June 20, 1865, to Harrison O. Apthorp, as trustee of Sylvester M. Smith and Charles F. Burt, their heirs and assigns, to secure the payment of the sums found necessary to be paid to make just and equal an assignment by said court to Delano of said undivided two sixth parts, in which Smith and Burt were supposed to be interested. The mortgage contained the following condition: " That whereas the said Delano has, under the order and direction of the Superior Court, given two certain notes of hand for one hundred and fifty dollars each, payable, one to Sylvester M. Smith and his lawful representatives, or bearer, and the other to Charles F. Burt and his lawful representatives, or bearer, with interest, which said notes are given and deposited with said Harrison O. Apthorp, to make just and equal certain partition and assignment of the estate above mentioned, in which said Sylvester M. and Charles F. are supposed to be interested; therefore, if the said Charles Delano, his heirs, executors, or administrators, or either of them, shall well and truly pay to the said Harrison O. Apthorp, in trust as aforesaid, his executors, administrators, or assigns, or either of them, the full contents of the said notes according to the tenor thereof, then the foregoing deed to be void, otherwise to remain in full force."

The petitioner also offered in evidence the record of the assignment of said estate, from which it appeared, among other

things, that said Delano, at the date of his petition for partition, as tenant in common with said Smith and Burt, was seised in fee simple of four undivided sixth parts of the same estate of which said Smith and Burt, as children of one Keziah Burt, were believed to be seised each of one undivided sixth part; that they had been absent for several years previously, and were still absent from the Commonwealth at the date of said partition, and their residence, if living, was unknown; that the remaining heirs of Keziah Burt known to be living and interested in the estate, namely, James M. Smith, Mary A. Babbitt, Maria M. Babbitt, and Sarah A. Horton, had each duly conveyed to Charles Delano all their respective right, title, and interest which they had in the same by their deeds dated and delivered March 20, 1865, and February 6, 1865; that said Smith, Mary A. Babbitt, Maria M. Babbitt, and Sarah A. Horton had, at the same time, so far as in their power, bargained and sold, supposing themselves to be entitled thereto by inheritance, the said shares of their absent brothers, for the sum of $150 a share, and had agreed that said Delano's notes on demand, each for the sum above mentioned, should be deposited with the said Apthorp in trust and for the benefit of the parties who should ultimately show themselves entitled thereto; that this provisional payment and security were declared to be adequate and ample, and acceptable to all parties known to be in full life and interested in the premises; and that said mortgage was given to secure these notes. The petitioner also proved that Charles Delano and those subsequently having his estate in the premises, namely, the Northampton Institution for Savings and the petitioner, had been in uninterrupted possession of said real estate for twenty years after the expiration of the time limited in the mortgage for the performance of the conditions thereof, namely, from April 1, 1865.

No evidence was offered of any payment on account of the mortgage debt, and the judge found as a fact that it had not been actually paid; nor was evidence offered of any act within twenty years, or at any time, in recognition of its existence as a valid mortgage, except by certain deeds subsequently executed by Charles Delano, in which said mortgage was mentioned as an existing incumbrance. Nor was any evidence offered that said

Smith and Burt, or either of them, had died since the date of said partition, or that any of the remaining heirs of Keziah Burt had succeeded to their interest within said period, or that said Delano had been shown by them to be established and assured in the possession of the estate assigned him.

If the foregoing facts would authorize the court to enter a decree thereon, as prayed for by the petitioner, and as provided by the St. of 1882, c. 237, and if such a decree ought to be entered, then it was to be entered by the court; otherwise, the petition was to be dismissed without prejudice.

*C. G. Delano*, for the petitioner.

*J. A. Wainwright*, for the respondent.

C. ALLEN, J. The petitioner alleges in her petition that no payment has been made, at any time, of the debt secured by the mortgage; and this is also found as a fact in the report. There is no room, therefore, for a presumption of fact to the contrary. *Howland* v. *Shurtleff*, 2 Met. 26, 28. *Cheever* v. *Perley*, 11 Allen, 584. At the time of the deeds to Mr. Delano, and of the partition, it was not known who were the owners of two undivided sixth parts of the land, and he sought to obtain a good title thereto in two ways, in view of this uncertainty. In the first place, he took deeds from the four heirs of Keziah Burt who were known to be living, and these deeds were effectual to convey said interests, provided these four grantors had succeeded by inheritance to the interests of their two absent brothers. If Mr. Delano's title should turn out to be valid under these deeds, then, by the agreement made when the notes were given, those four grantors were and still are entitled to the benefit of the notes and the mortgage security. In the second place, Mr. Delano procured an assignment of the two sixths to be made to him by the Superior Court, on his petition for partition. The petitioner now contends that this assignment was invalid; but, if so, she has no standing here, because, independently of the assignment, she does not show that she has a title to the two sixths which she seeks to have cleared of the incumbrance of the mortgage. If, on the other hand, Mr. Delano's title was valid under the assignment, then this furnished a good consideration for his promise to pay the price, and, by the agreement, the notes and mortgage would stand for the benefit of the parties

who should ultimately show themselves entitled thereto. In any aspect of the case, these two sixths have never been paid for, except by the notes and mortgage. The parties who owned them have never alleged the invalidity of the assignment, or sought to recover possession of two sixths of the land, and when they appear or are ascertained, they may not wish to do so. The petitioner cannot now be heard to say that the assignment was invalid, because she claims under it. The notes by their terms were not payable till something should be shown in respect to the title. That has not yet been done, and the condition of the mortgage has not yet been broken.

*Petition dismissed.*