# FRANK J. CUNNINGHAM *v.* DORA DAVIDOFF
### [No. 124, October Term, 1946.]

438

*Decided May 15, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*J. Harry Cross* and *Stewart Brown* for the appellant.

*George B. P. Ward* for the appellee.

GRASON, J., delivered the opinion of the Court.

On April 26, 1945, the appellee filed an amended bill of complaint against the appellant in the Circuit Court of Baltimore City. It alleged a deed of assignment dated April 26, 1936, from Aetna Realty Company to appellee, conveying leasehold property known as 3424 Holmes Avenue, Baltimore, Maryland; that the appellant and his wife, since deceased, acquired title to the property by deed of assignment dated December 18, 1917, from the Park Improvement Company; that appellant and wife, by deed of assignment dated January 10, 1921, conveyed the property to Jacob and wife, and on the same day Jacob and wife executed to appellant and wife a mortgage for $1,500, payable in six months from date, with interest at 6 per cent. per annum; that by mesne conveyance the title to the leasehold interest in the property has been acquired by the appellee; that no payments have been made on account of the principal of said mortgage or interest thereon since the date of its execution; that any action for the collection of the debt secured by said mortgage, or for the sale of the property covered by said mortgage, is barred by the statute of limitations; that appellee has requested the appellant to execute a release of said mortgage but he refuses to do so; that no release of said mortgage has been recorded among the land records of Baltimore City and that the mortgage constitutes a cloud upon the title of appellee.

The bill prayed: (1) That the mortgage be decreed to be barred by the statute of limitations. (2) That the court enjoin the institution of prosecution of any action for the foreclosure of said mortgage or the collection of the debt originally secured thereby. (3) That the court decree said mortgage does not constitute a lien or cloud upon the title of said property and (4) for other relief.

To this bill the appellant demurred, which was overruled, and an appeal was taken to this Court. The decision in that case will be found in 187 Md. 134, 46 A. 2d 633, 161 A. L. R. 1383. This Court sustained the bill and remanded the case. The answer thereafter filed admitted the allegations of the bill, but denied its conclusion that the mortgage referred to therein was barred by the statute of limitations. It set up other matters in defense, which we need not repeat.

The case was heard by the chancellor and on the 17th day of October, 1946, he decreed that the mortgage dated the 10th day of January, 1921, from the Jacobs to Cunningham and wife "does not constitute a lien or cloud upon the leasehold interest in said property subject to an annual ground rent of $90.00 as conveyed to Dora Davidoff by Assignment dated April 26, 1936, and recorded among the Land Records of Baltimore City * * * from the Aetna Realty Company to Dora Davidoff." He further decreed that the appellant "his personal representatives or assigns, be and they are hereby forever enjoined from the prosecution of any action against the said Dora Davidoff (appellee), her personal representatives or assigns for the foreclosure of said mortgage or for the collection of the debt originally secured by said mortgage." He further decreed that the appellant pay the costs of the proceeding. From this decree the case comes here on appeal. The decree refers to the mortgage in question as being dated January 10, 1921, but the agreed statement of facts states that this mortgage was dated January 19, 1921.

The principal point in this case is the legal status of a mortgage over twenty years old, upon which nothing has been paid on account of principal or interest since its execution. This leads to the inquiries: (1) Is there a statute of limitations which bars the foreclosure of a mortgage under such circumstances? (2) If there is no statute of limitations, does laches apply, which equity sets up, whereby its remedy is refused to those who seek to enforce stale claims? (3) Will the court, in such a case,

apply the twenty-year period which governs in actions at law, when the requisite elements are present, in the cases of prescriptive title? If so, is the twenty-year period in a case such as this absolute limitation, or does it give rise only to a rebuttable presumption that the mortgage has been paid?

In *Baltimore & O. R. Co. v. Trimble,* 51 Md. 99, 100, the court dealt with $1,167 allowed as owelty to the heirs of Trimble. It held the same to be an equitable lien upon the land allotted to Flannigan in a partition proceeding. The court quoted *McCormick v. Gibson,* 3 Gill & J. 12, 19, and said:

"In discussing this equitable lien, he (the chancellor) holds that there is no difference between it and the lien secured by a mortgage; and applies to it by analogy the lapse of twenty years as necessary to raise the presumption that the lien has been satisfied. Again, in *Moreton v. Harrison,* 1 Bland 499, the Chancellor says: 'This equitable lien is so far a mortgage, that the limitation or presumption of satisfaction arising from the lapse of twenty years as applicable to ordinary mortgages does in like manner furnish evidence, or a presumption, that such equitable lien has been satisfied or discharged. An equitable lien is founded upon the principle, that the legal title has not been parted with or *ought not to be considered as completely vested in the vendee until the whole purchase money has been paid; because it is deemed unjust to consider any one as the absolute legal owner of property which he has purchased, but has not paid for.* * * * If the formal legal title has been parted with by the vendor before payment, then his having so ceded it, gives him an equitable right to enforce payment here with all the advantages he had as actual holder of the legal title, that is as a mortgagee coming here to foreclose; in which case, *by analogy to the Statute of Limitations, no time short of a lapse of twenty years is deemed sufficient to raise a presumption of satisfaction'.*" (Last italics supplied.)

The court further stated:

"The court manifestly puts a vendor's lien, so far as the applicability of limitations is concerned, upon the same ground with a lien by mortgage. The latter, it is well settled, continues for twenty years, not because of the seal attached to the mortgage, for sealed instruments in this State are barred by twelve years, but because it is a deed of conveyance, the rights under which are not barred except by the lapse of twenty years, by analogy to the time of limitations under the Statute of James, which saves the right of entry for that period."

That case reviews a number of the earlier decisions of this Court.

There is no Statute of Limitations in Maryland applicable to foreclosure of mortgages. An equity court deals with stale claims through the doctrine of laches, but laches is not applicable to proceedings brought to enforce an old or stale mortgage. Such cases are exceptions to usual equity proceedings regarding stale claims, "the rights under which are not barred except by the lapse of twenty years, by analogy to the time of limitations under the Statute of James, which saves the right of entry for that period." *Baltimore & O. R. Co. v. Trimble, supra.*

In *Brown v. Hardcastle,* 63 Md. 484, the bill prayed for the sale of real estate for the payment of a mortgage debt. In that case the opinion states that "Alexander Hardcastle, in his answer denies the amount claimed to be due, and pleads payment, and the Stateute of Limitations." The court said:

"The presumption of payment in favor of a mortgagor in possession over twenty years is not conclusive, but may be rebutted by evidence of part payment of principal or interest, *or by admissions of the debt's existence, or other circumstances from which it may be inferred the debt has not been paid.*" (Italics supplied.)

*Morse v. National Central Bank,* 150 Md. 142, 132 A. 598, 599, was an action at law. In that case a lady over ninety years of age died, and in her possession were

two bank books.  There had been no entry made on these books for nearly fifty years.  Suit was brought by her representative against the bank, which pleaded payment. The court quoted 21 R. C. L. 128:

"The presumption of payment is conclusive in the sense that where it appears that the requisite time has elapsed and no countervailing evidence is given, neither the court nor the jury is at liberty to find that the debt was not paid; but it is not conclusive in the sense that the plaintiff may not introduce evidence to disprove the fact which by force of law the lapse of time establishes."

The court further said:

"Unless made shorter by statute, the lapse of time required to raise the presumption is 20 years, and no such presumption arises merely from a lapse of less time. 30 Cyc. 1274.

"The distinction between such a presumption and the statute of limitations is well stated in *Reed, v. Reed,* 46 Pa. 239, where it is said: 'The latter is a prohibition of the action, the former, *prima facie,* obliterates the debt. The bar is removed by nothing less than a new promise to pay, or an acknowledgment consistent with such a promise.  The presumption is rebutted, or, to speak more accurately, does not arise where there is affirmative proof beyond that furnished by the specialty (or the instrument upon which suit is brought) itself, that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor.'  See copious note to *Sheafer v. Woodside,* [257 Pa. 276, 101 A. 753], 1 A. L. R. 775, upon presumption of payment from lapse of time.

"This presumption of payment arising from lapse of time is universally recognized * * *."

In *Miller v. Horowitz,* 172 Md. 419, at page 432, 191 A. 906, at page 912, this Court said:

"It is true that equity, under certain circumstances, will deny equitable relief in the enforcement of a lien upon real or personal property on the ground of laches or the presumption of payment arising from delay in the

enforcement of the right by means of the lien. For instance, the enforcement of an equitable lien on land to secure the payment of a debt, whether under a mortgage or vendor's lien, is not barred in equity until, by analogy to the bar of twenty years against a right of entry, the lien is of more than twenty years' standing and a plea of limitations or lapse of time is invoked. If more than twenty years have elapsed since either the maturity of the debt secured by the lien and the last payment on account of the principal indebtedness or of the interest accruing due thereon or some other recognition by the debtor of the subsistence of the obligation, a presumption of satisfaction or discharge of the debt arises to bar relief in equity." See authorities there cited.

In *Chesapeake & Delaware Canal Co. v. United States*, 3 Cir., 223 F. 926, 929, L. R. A. 1916B 734, the government sued the company to recover dividends declared by defendant on stock owned by it. The last dividend was declared some twenty-eight or twenty-nine years before the suit was instituted. The Statute of Limitations was set up as a defense. The court said:

"But the presumption is disputable, not conclusive. To a plea of the statute of limitations, the plaintiff cannot successfully reply that the debt is still unpaid. The defendant may admit non-payment without impairing the effect of the plea in the least; but if he makes such an admission, or if the plaintiff offers affirmative proof to the same effect, this is a complete reply to the presumption, and establishes the right to recover. If the evidence bearing on the fact of non-payment is ambiguous or contradictory, a question is presented for decision in the usual manner; generally by the verdict of a jury."

See *First Nat. Bank of Madison v. Kolbeck*, 247 Wis. 462, 19 N. W. 2d 908, 161 A. L. R. page 886.

From these authorities we hold that there is no Statute of Limitations in Maryland applicable to foreclosure of mortgages; that laches does not apply in a proceeding to foreclose an old and stale mortgage; in a case where

a mortgage is over twenty years old non-payment of the principal and interest on the mortgage gives rise to a presumption that the mortgage has been paid, but this presumption can be rebutted, and if it is rebutted there is no legal obstacle to the foreclosure of such a mortgage. In such a case the mortgagee can show that the mortgage has not been paid, and while this burden becomes more difficult with the lapse of time and requires that the testimony to show non-payment must be clear and satisfactory, yet, nevertheless, such testimony, if adduced, will establish non-payment. Of course, the mortgagee can show payment on the principal or interest within the period of twenty years, and he can prove acknowledgement of the mortgage debt within twenty years, which will remove the bar of the presumption. And, as said in *Brown v. Hardcastle, supra,* the presumption of payment, in addition to what we have referred to, can be destroyed by *"admissions of the debt's existence, or other circumstances from which it may be inferred the debt has not been paid."* (Italics supplied.)

It is not usual for one who holds property subject to a mortgage over twenty years old, upon which no payment has been made upon the principal or interest, to admit that the mortgage has not been paid. In this case the appellee admits the mortgage has not been paid.

In *Delano v. Smith,* 142 Mass. 490, 8 N. E. 644, at page 646, it is said:

"The plaintiff alleges in her petition that no payment has been made, at any time, of the debt secured by the mortgage; and this is also found as a fact in the report. There is no room, therefore, for a presumption of fact to the contrary."

Appellee relies upon the cases of *Baltimore & O. R. Co. v. Trimble* and *Brown v. Hardcastle, supra,* to which we have referred. She also relies upon *Baldwin v. Trimble,* 85 Md. 396, 37 A. 176, 36 L. R. A. 489. In that case, 85 Md. on page 399, 37 A. on page 177, 36 L. R. A. 489, it is said:

"There is no evidence that any of these notes remain unpaid, * * * and more than 30 years have expired since all the notes were barred by limitations."

On page 406 of 85 Md., on page 179 of 37 A., 36 L. R. A. 489, it is stated:

"Now, every note mentioned in the deed has been barred by limitations for more than 30 years, and whilst that fact alone would not defeat a right to foreclose a mortgage (*Baltimore & O. R. Co. v. Trimble,* 51 Md. 99, at page 111), still if the mortgage itself securing the notes is also barred, no decree can be procured upon it when a defense of limitations is made. Twenty years have been adopted by the Courts of this state as the period which bars the right of foreclosure; and as thirty years have intervened between the maturity of the mortgage and now, without recognition of its being a subsisting lien, the bar is absolute and complete. *Crook et al. v. Glenn et al.,* 30 Md. 55; *Frazier v. Gelston et al.,* 35 Md. 298."

It is clear that no payment was made on the mortgage notes or the mortgage, nor did the holder of the property, subject to the mortgage, admit the indebtedness, as in this case.

We cannot agree that these cases support the proposition urged by appellee. She avers in her bill of complaint that nothing has been paid upon the principal of this mortgage or interest due thereon since it was executed; and in the agreed statement of facts, admits that it has not been paid. The cases relied on do not hold that a mortgage is destroyed by lapse of time, when the holder of the property upon which it rests admits that the mortgage has not been paid.

When this case was before us on the former appeal, on demurrer, it appeared that the bill contained an averment that no payment had ever been made on the mortgage debt or the interest thereon, and hence the mortgage is barred by limitations. The reasoning of the court, however, was applicable to the question of limitations, or the presumption of payment from lapse of twenty years. In

effect, the averment of the bill was treated as equivalent to an averment that no payment had been made within twenty years. The opinion distinctly recognized that the presumption of payment is rebuttable. No rebuttal could be more complete than the agreed statement that in fact the mortgage has not been paid.

For the reasons above given, the decree appealed from is reversed and the bill of complaint dismissed, with costs to appellant.

> *Decree reversed, bill of complaint dismissed, without prejudice to appellee, with costs to appellant.*

## On Petition for Reargument.

Since we handed down our opinion in the case of *Frank J. Cunningham v. Dora Davidoff*, No. 124, October Term, 1946, appellee has filed a petition, under oath, alleging certain facts, and prays this Court to grant a reargument in the case, or to remand the same for further proceedings.

It appears from the matters set out in the petition that the original bill of complaint in this case alleged that "all of the covenants of the aforesaid mortgage from Aaron M. Jacob and Sara S. Jacob, his wife, to Frank J. Cunningham and Alice L. Cunningham have been performed and the whole sum of money and interest accrued thereon has been paid; that no release of the said mortgage has been recorded among the Land Records of Baltimore City and the said mortgage still appears to be open and unpaid of record." That before the original bill of complaint was filed in this case the attorney for appellee called the appellant over the 'phone, while David Davidoff listened to the conversation on an extension 'phone. It appears that Davidoff, some years before this, employed Cunningham as a salesman but that Davidoff did not know that Cunningham held a mortgage covering the premises 3424 Holmes Avenue. Cunningham was asked about this mortgage and first failed

to recall it, then remembered it and stated that it had been paid off long ago, but when asked for a release he said he would have to see about it. The solicitor again 'phoned Cunningham about this mortgage, and it is averred he admitted again that the mortgage was paid, but demanded the sum of $25 before he would execute the release; that David Davidoff called on Cunningham and offered to release a judgment he held against him (Cunningham) for $40, arising out of their previous business relations. Cunningham agreed, but when the release was prepared and sent to him he failed to execut it and demanded $50. The original bill in this case was filed.

At the trial of the case, the petitioner alleges, the "Chancellor below called counsel to the bench and stated that in his opinion the Respondent by his admission of non-payment for more than twenty years had admitted that the collection of the mortgage was barred by Limitations and that therefore the question of actual pay-. ment was immaterial. He directed that the bill of complaint be amended to allege non-payment and gave either party leave to take further testimony if they so desired. Petitioner thereupon filed an amended bill of complaint (set forth in full in appellant's brief in the first appeal) and identical with the original bill except as to paragraph 4 which was changed to allege that no payments had been made, etc., to which the Respondent demurred." There are other matters stated in the petition, which we need not recite.

We have given careful consideration to this petition and have concluded to modify our opinion which dismissed the bill of complaint with costs to appellant, so that the same will be changed to read: "Decree reversed,. bill of complaint dismissed without prejudice to appellee, with costs to appellant." This will enable appellee to institute a new case and afford her an opportunity to prove that the mortgage in question has been paid.