CHARLES BAILEY and FANNIE B. BAILEY, his wife, v. RILEY E. BLODGETT, and RILEY E. BLODGETT, Executor of the Estate of Louisa Blodgett, Deceased.

(*September* 28, 1955.)

CAREY, J., sitting.

*Howard M. Berg* for petitioner.

*George L. Sands* (of Morford and Bennethum) for defendant, Riley E. Blodgett, individually.

No appearance for the defendant executor.

Superior Court for New Castle County, No. 950, Civil Action, 1954.

CAREY, J.:

The petitioners, on February 11, 1931, executed a mortgage in favor of Louisa Blodgett as security for the payment of $2772.77 covering certain lands in Blackbird Hundred. It was payable on or before February 11, 1932. It was duly recorded and remains unsatisfied on the record. The mortgagee died testate in 1940, leaving her residuary estate to the individual defendant and naming him as executor.

After reciting the foregoing facts, the petition states that no payments of principal or interest have been made on the debt secured by said mortgage for a period of at least twenty-two years, and that no demand for payment of either principal or interest has been made, nor any action brought to foreclose the mortgage during that same period. It avers that the mortgagee, executor and heir have refused or neglected to enter satisfaction upon the mortgage record. The petitioners do not allege that the debt was actually paid, but rely upon the presumption of payment arising from lapse of time. They seek an order of satisfaction under *Title* 25, *Revised Code* 1953, section 2115.

The individual defendant has moved to dismiss upon three grounds: (1) the Court has no jurisdiction under the cited statute because, by its specific terms, satisfaction can be ordered only when the mortgage debt has been paid, and not when it is merely presumed to have been paid; (2) presumption of payment arising from lapse of time may not be used to secure affirmative relief; (3) the language of this petition shows that the debt has not in fact been paid, thus destroying any presumption of payment which might otherwise exist.

In support of his third contention, defendant relies upon *Cunningham v. Davidoff*, 188 *Md*. 437, 53 *A*. 2d 777. It was there pointed out that the presumption did not arise because the

amended bill expressly stated that no payments of principal or interest had ever been made on the mortgage debt. Obviously, such an admission negatives any such presumption, but this is not the effect of the present petition. It was filed on October 25, 1954 and denies any payments or demand for at least twenty-two years, that is, since October 25, 1932. However the mortgage was dated February 11, 1931 and was payable *on or before* February 11, 1932. Nothing in the petition, therefore, is inconsistent with a presumption of payment, for the debt may have been paid on or even before its final due date. The allegations are accordingly materially different from those in the *Cunningham* case.

Defendant's first contention, based upon the express language of the statute, attacks the Court's jurisdiction. In support of it, he relies upon *In re Agostini,* 3 *Terry* 347, 33 *A.* 2d 306, 309. The Act provides in part as follows:

"(a) In all cases where mortgages or judgments are liens on real estate in this State and the same have been paid and the mortgagee or obligee or their executors, administrators or assigns refuses or neglects to enter satisfaction of such mortgage or judgment on the record thereof in the office where the same is recorded or entered, within 60 days after the payment thereof, the mortgagor or obligor or their heirs or assigns may, upon sworn petition to the Superior Court of the county in which such mortgage or judgment is recorded or entered, setting forth the facts, obtain from such court a rule on the mortgagee or obligee or their executors, administrators or assigns, returnable at such time as the Court may direct, requiring such mortgagee or obligee or their executors, administrators or assigns to appear on the day fixed by the Court and show cause, if any they have, why such mortgage or judgment shall not be marked satisfied on the record thereof. * * *

"(b) Upon the return of the rule, if the Court is satisfied from the evidence produced that such mortgage or judgment, together with all interest and costs due thereon, has been

satisfied and paid, the rule.shall be made absolute, and the Court shall order and decree that the mortgage or judgment is paid and satisfied, and shall order and direct the Recorder, or the Prothonotary, in whose office such mortgage or judgment is entered, to enter on the record thereof full and complete satisfaction thereof."

The *Agostini* case arose under this same statute. There a tender (of the amount which the petitioner alleged to be due) was made and refused, after which the tendered amount was paid to the Prothonotary without any prior order or approval by the Court. The petitioner then sought to have the mortgage record satisfied on the theory that the tender destroyed the lien of the mortgage. The Court pointed out that the statute was not designed to separate the lien from the debt which it secured, that tender of the debt was not payment of it, that only when the debt has been paid but the recorded lien remains does the act apply, and that, unless such a situation existed, no jurisdiction was vested in the Court. It was said that "the statute was intended solely for the purpose of removing the record evidence of a defunct but recorded lien, after the debt secured by the mortgage lien had been actually paid." The Court was, of course, talking about the facts of the case before it, and its language must be read in the light of those facts. As I construe that language, the words "actually paid" were used in contradistinction to "tender". I cannot think that the Court intended its words to prescribe any particular method of proving payment, or to deprive a party of the benefit of any presumption of law or fact which might otherwise exist in his favor. The presumption which arises from lapse of time is but one of several presumptions which can come into operation on behalf of one party or the other in the trial of an issue of payment. See 9 *Wigmore on Evidence*, (3d ed.) 428 etc., 40 *Am. Jur.* 872 etc. A petitioner must carry his burden of proving payment to the satisfaction of the Court; to do so, he has the privilege of relying solely upon a rebuttable presumption if it makes out a *prima facie* case, and such reliance does not destroy the Court's

jurisdiction to hear and determine the case. This view is supported not only by the action taken in a number of unreported Delaware cases but also in at least one reported case, namely, *Cloud's Adm'r v. Temple's Adm'rs*, 5 *Houst.* 587. In that case, the Court recognized the availability of presumption of payment (including that arising from lapse of time) to supply the basis for ordering satisfaction of a judgment. The action arose before the enactment of the present statute, under the inherent power of the Superior Court to control its own records and judgments. *Cf. Budd v. Union Bank of Delaware*, 1 *Houst.* 455. There is no reason to think that the statute was designed to reduce the Court's jurisdiction over judgments.

Defendant's second contention raises a question which has never been expressly decided in Delaware. It was not raised in *Cloud's Adm'r v. Temple's Adm'rs, supra.* In many other jurisdictions, relief of this nature has been sought in equity by a bill to remove a cloud upon title. 44 *Am. Jur.* 24. Some of those Courts, considering the 20-year presumption analagous to a statute of limitations, have refused to order satisfaction or cancellation where the petitioner relied solely on that presumption, stating that it is a shield and not a weapon; that is, that the presumption alone is insufficient to justify affirmative relief, but may be used only in defense of an action to recover the debt or to foreclose the mortgage. See annotation in 164 *A. L. R.* 1388. The basis of such rulings is the maxim that he who seeks equity must do equity; the reasoning is that the moral obligation remains notwithstanding the presumption of payment, and equity will require extinguishment of the moral obligation before granting affirmative relief. Even in some of those states, however, it has been held that this principle does not apply where the action is instituted by a person other than the original obligor, who has not personally undertaken to pay the debt, since such a plaintiff is under no moral obligation. *Cunningham v. Davidoff*, 187 *Md.* 134, 46 *A.* 2d 633, 164 *A. L. R.* 1383; *Kingman v. Sinclair*, 80 *Mich.* 427, 45 *N. W.* 187. *Cf. Trusty v. Ray*, 73 *Idaho* 232, 249 *P.* 2d 814.

There are respectable authorities which take the opposite view. 1 *Glenn on Mortgages* 376; 4 *Amer. Law of Property* 393. They draw a distinction between the effect of a statute of limitations and the presumption of payment. The former operates upon the remedy and does not extinguish the debt, but merely prevents its recovery; the latter operates upon the obligation, and leads to a judicial determination that the debt has been paid and the liability therefor extinguished. See 70 *C. J. S., Payment,* § 93, p. 301. When the remedy only is barred, the moral obligation remains; but when the proof warrants a finding that the debt is paid, there is no longer a moral obligation, under the theory of these authorities. The conclusion is thus succinctly stated in 4 *Amer. Law of Property* 393: "When there is a valid presumption that a man already has paid, he should not be forced to make another payment before equity will help him".

We need not here speculate upon the legislative intent in conferring upon this Court the power to direct satisfaction of mortgage records. I shall assume that the Act was not intended to alter any rule of substantive law, or to direct this Court to apply different principles than our Court of Chancery would observe. Since our reports contain no ruling upon the point, we must now adopt that theory which seems most reasonable and most nearly in accord with principles which have been laid down in this State.

In my opinion, both theoretical and practical reasons dictate the acceptance of the second theory mentioned above. It is difficult to see why a litigant's right to rely upon a presumption should depend upon his position as plaintiff or defendant. If he is a defendant and no evidence is produced by his opponent to rebut the presumption, he is entitled to a judgment. *Stoeakels v. Peoples National Bank,* 6 *Terry* 478, 75 *A.* 2d 433, and cases therein cited. That judgment results not because his opponent's remedy is barred, but because the evidence requires a finding of payment of the debt, just as if defendant

had relied upon a receipt or other non-conclusive evidence of payment. If he can thus prevail as a defendant, no theoretical reason appears why he should not obtain affirmative relief upon a similar showing.

The rule limiting the presumption to a defendant leads to an anomalous situation. The mortgagor may not be able to sell his property to advantage, yet the mortgagee cannot foreclose his defunct "lien". The mortgagor may know in fact that the debt has actually been paid, but for one reason or another cannot prove it by competent evidence. Receipts may have been lost, witnesses may have died, oral testimony may be inadmissible because of the mortgagee's death. Thus, he would be prevented from clearing his title unless he again pays the amount of the debt. Surely this is not equity.

In order to prevail in a foreclosure suit, the mortgagee has the duty of rebutting the presumption, according to our decided cases. *De Ford v. Green,* 1 *Marvel* 316, 40 *A.* 1120; *Farmers' Bank v. Leonard,* 4 *Harr.* 536; *Stoeakels v. Peoples National Bank, supra.* See also 70 *C. J. S., Payment,* § 101, p. 307. It is his own delay or neglect which is at least partly responsible for the situation, and, where he has rested upon his rights for twenty years or more, it is no more unfair or inequitable to impose that duty upon him as a defendant than as a plaintiff. Any apparent hardship upon the mortgagee is negligible in view of the broad liberality shown by the Delaware Courts as to the type of evidence which may be introduced in rebuttal. See 1 *Woolley on Delaware Practice* 585.

The reasons underlying the evolution of the presumption militate in favor of applying it affirmatively as well as defensively. It is "founded on the common experience of the conduct of men in relations to the transaction of business, and was intended for the security and repose of society, by discountenancing suits for stale demands and discouraging the laches and neglect of parties in delaying to prosecute their claims for an

unreasonable length of time, when they had the means and opportunity of forcing them". 1 *Woolley* 584.

I accept as sound the principle that a petitioner under *Title 25 Delaware Code* Section 2115 may rely upon the presumption of payment arising from lapse of time. This statute, of course, requires the Court to be satisfied that the mortgage has been paid before entering an order of satisfaction. Its action in any given case will depend upon all the evidence presented. In those cases where service is accomplished by publication, the trial Court may well see fit to exercise greater caution than in those instances where he has been personally served or has appeared.

The motion to dismiss will be denied.