H. and S. Manufacturing Co.,
Plaintiff,

*vs.*

Benjamin F. Rich Co., Richard J. Guyer, and
Frank Chaiken,
Defendants.

*New Castle, October 7, 1960.*

*Edmund N. Carpenter, II,* and *William E. Wiggin,* of Richards, Layton & Finger, Wilmington, for plaintiff.

*Daniel L. Herrmann,* of Herrmann & Duffy, Wilmington, for defendants.

MARVEL, Vice Chancellor: The original complaint herein alleges that the defendant, Richard J. Guyer, while an officer of plaintiff, agreed not to engage in the business of manufacturing or selling aluminum windows or doors in Delaware for a period of two years after leaving his position with plaintiff. Plaintiff claims that notwithstanding such agreement, Guyer, on leaving his position with plaintiff, conspired in September 1957 with the defendant, Frank Chaiken, and with another former officer of plaintiff [1] in the wrongful act of organizing a competing business in which they allegedly used plaintiff's trade secrets. It is also alleged that defendants not only improperly sold their manufactured products to plaintiff's customers but also wrongfully purchased materials from such corporation's suppliers. It is also charged that the individual defendants circulated false statements that plaintiff was insolvent and bankrupt and unfairly induced employees of plaintiff to work for their corporation.[2]

Plaintiff seeks a decree directing that the profits of the defendant corporation be held in trust for the benefit of plaintiff, that plaintiff be awarded damages, and that defendants be enjoined from engaging in the business of manufacturing or selling aluminum windows or doors in Delaware for a period of five years.

---

1. Evidently Benjamin Spiller, who has not been named as a party, he and plaintiff having reached an agreement under the terms of which Spiller surrendered his stock in plaintiff in return for which plaintiff paid Spiller $600 and released its claims against him.

2. This charge of unfair competition is elaborated upon and broadened in a second supplemental complaint.

Defendants having answered and counterclaimed, attempts were made through Court action and otherwise to prevent self-serving propaganda efforts on the part of both sides, such charges having been made in supplemental pleadings, and the case moved into the discovery stage.

The matter now pending before the Court is defendants' revised motion for summary judgment, a motion which is based on the defenses of laches, waiver and estoppel, alleged lack of jurisdiction, and the proposition that "Plaintiff has failed to disclose evidence of wrongdoing by the defendants which demonstrates the existence of a genuine issue of fact for submission to the Court as a trier of fact."

The function of summary judgment is, of course, the avoidance of a useless trial where there is no genuine issue as to any material fact. However, as stated in *Associated Press v. United States,* 326 *U.S.* 1, 65 *S.Ct.* 1416, 1418, 89 *L.Ed.* 2013, "Rule 56 [Fed. Rules Civ. Proc. 28 U.S.C.A.] should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them."

Turning to the grounds on which defendants based their motion in the order in which they are advanced, I am first of all satisfied that the facts concerning laches, waiver and estoppel are not so unambiguous as to present no factual problem in disposing of the merits of such defense. An affidavit of plaintiff's officer, John J. Halko, Jr., not only sets forth a 1957 statement of intended legal action against the non-party, Spiller, but also against the defendant, Guyer, alleging that such intentions were stated within a period of approximately a month after Spiller and Guyer had left plaintiff's employ to engage in the business of the corporate defendant.

Next, it is claimed by plaintiff that the conduct of the individual defendants in leaving plaintiff so undermined plaintiff's stability that such action coupled with serious injuries suffered by Mr. Halko, which incapacitated him from working for a substantial period, made any action on plaintiff's part a virtual impossibility. Furthermore, according to plaintiff's second supplemental complaint, leave to file which was

granted on June 8, 1959, acts of unfair competition on defendants' part continued to occur after the filing of the original complaint.

In view of the factual issues raised by these allegations I do not believe that plaintiff can now be unequivocally barred from the opportunity of introducing evidence at trial in support of its contention that the Court should reject defendants' first ground of defense. The factual background of laches (a defense based on the theory that when a person makes a reasonable change of position while one allegedly injured by the action complained of knowingly slept on his rights, a court of equity will reject the claim) usually must be examined at trial in order for there to be a clear determination of its applicability, knowledge being a key ingredient in applying the theory, *Elster v. American Airlines, Inc.*, 38 *Del.Ch.* 195, 148 *A.2d* 343, reversed *Beard v. Elster, supra* p. 153, 160 *A.2d* 731, on the basis of a number of factors affecting the matters complained of, including the action of a disinterested board in granting the stock options in question, which, in the opinion of the appellate court, made a trial[3] unnecessary. Furthermore, by the same token, I find no clear, uncontested disclosure in the papers before me that plaintiff voluntarily acquiesced to defendants' actions, accordingly defendants' motion for summary judgment insofar as it is based on the defenses of laches, waiver and estoppel will be denied.

Defendants further contend that they are entitled to judgment as a matter of law because plaintiff, if wronged, can be adequately compensated by money damages; that plaintiff has not at any time during the long pendency of this action pressed its application for injunctive relief, and that there is no showing that the wrongs of which plaintiff complains in the area of unfair competition are continuing and so subject to being enjoined now. To such arguments plaintiff counters that unfair competition, particularly trade libel, when proved, is peculiarly a subject for injunctive relief; that the defendant, Guyer, was under a contractual obligation not to compete with plaintiff; that under various theories not only the non-defendant, Spiller, but also Chaiken (as a promoter rather than a mere investor) and the defend-

---

3. The Court treated final action on the defenses of laches and statute of limitations as having been reserved in the trial court.

ant corporation were legally bound to honor Guyer's covenant and so are parties to his wrongs, and that equitable jurisdiction having attached, it has not been lost by the expiration of Guyer's covenant. Accordingly, it is submitted that the Court should retain jurisdiction of all phases of the case, including demands for money damages, in order to avoid a multiplicity of actions, *Turek v. Tull,* 37 *Del.Ch.* 190, 139 *A.2d* 368, *affirmed,* 38 *Del.Ch.* 182, 147 *A.2d* 658.

Here again I believe it necessary to hear the facts in order to determine the validity of the defense relied upon because the key to an essential aspect of plaintiff's theory of unfair competition is Guyer's alleged violation of a covenant not to compete, thus converting what might have been legitimate free enterprise to wrongful continuing action. This factual issue, and in fact, the actual existence[4] of such covenant is not free of doubt and must be tried. On its resolution depends in large part plaintiff's theory of liability not only on the part of Chaiken but also on the part of the corporate defendant, and at this point I do not think it can be unequivocally said that there are no genuine issues of facts as to the latter two persons' sharing of responsibility for Guyer's actions assuming such actions to have been wrongful. Finally, and of more significance in dealing with defendants' motion, I am satisfied that the broad factual background on which plaintiff makes a claim of alleged pirating and use of plaintiff's trade secrets is clearly unresolved on the present record and must be clarified at a hearing. I therefore conclude that it is not established on the present record that this Court is without jurisdiction to hear evidence of plaintiff's basic claim of unfair competition.

Defendants' third contention is that "Planitiff has failed to disclose evidence of wrongdoing by the defendants which demonstrates the existence of a genuine issue of fact for submission to the Court as a trier of fact * * *", and that plaintiff's protestation that such evidence will be produced, if an opportunity is afforded, comes too late, *Colish v. Brandywine Raceway Association,* 10 *Terry* 493, 119 *A.2d* 887, and *McGuire v. McCollum,* 10 *Terry* 359, 116 *A.2d* 897.

---

4. If it existed, as claimed, and was known to the defendant, Guyer, there is the further question, factual and legal, as to whether or not it applied to Guyer, who claims not to have resigned.

In support of this contention defendants argue that while concededly a factual issue as to certain alleged acts of wrongdoing on the part of the defendant, Guyer, has been created through the filing of affidavits in opposition to defendants' motion, on the other hand the sworn contentions as to the existence of a by-law known to Guyer, which allegedly served to bind him from engaging in a competing business, are so incredible as to be unworthy of being given any consideration by the Court. In addition and without regard to Guyer's involvement it is again stressed, as in their argument on their first two grounds of defense, that the record is devoid of convincing sworn allegations that Chaiken knew anything of alleged wrongful acts on the part of Spiller and Guyer, that even if it were to be assumed that Chaiken was a promoter, a joint adventurer or a co-conspirator, there is no factual basis in the present record which could lead to a legal conclusion, including one based on the principles of agency, that Chaiken is liable for the actions of Spiller and Guyer, and that such factual situation exists in the case of the corporate defendant as well as that of Chaiken.

Again, while a trial may establish the merit of all of these contentions of defendants, particularly those as to Chaiken and the corporate defendant, who were under no express contractual obligation not to compete freely and fairly with plaintiff, I hesitate to make even a partial final ruling on defendants' third defense on the basis of the present record, inasmuch as in addition to the doubts expressed earlier in this opinion I find it virtually impossible to segregate the factual issues pertaining to the unfair competition aspects of the case, insofar as they are based on violations of the alleged covenant on Guyer's part not to compete, from the broader charges of a conspiracy of all defendants to copy plaintiff's equipment and otherwise to pirate its alleged trade secrets.

I therefore decline to grant defendants' motion on any one of the three grounds on which it is advanced, and on notice an order will be entered to such effect.